UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA K. HAYNES, Individually and as
Executrix of the Estate of Willie J. Hicks

                        Plaintiff,


            -v-                                    5:24-CV-909


THE UNITED STATES OF AMERICA

                        Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

OFFICE OF ROBERT F. JULIAN                STEPHANIE A. PALMER, ESQ.
Attorneys for Plaintiff
2037 Genesee Street
Utica, NY 13501

HON. CARLA B. FREEDMAN                    DAVID M. KATZ, ESQ.
United States Attorney for the            Ass't United States Attorney
    Northern District of New York
Attorneys for Defendant
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261

DAVID N. HURD
United States District Judge

### DECISION and ORDER

## I. INTRODUCTION

On July 23, 2024, plaintiff Sandra K. Haynes ("Haynes" or "plaintiff"),
acting both individually and as the executrix for the estate of her deceased
husband, Willie J. Hicks ("Hicks"), filed a four-count complaint against the
United States of America (the "Government" or "defendant").  Dkt. No. 1.

Haynes's complaint sets forth claims under the Federal Tort Claims Act
(the "FTCA") for negligence and malpractice, conscious pain and suffering,
wrongful death, and loss of consortium.  Dkt. No. 1-4.  On October 7, 2024,
the Government moved to dismiss plaintiff's loss of consortium claim
pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).  Dkt. No. 25-1.

On October 31, 2024, Haynes responded to the Government's motion but
did not oppose it.[1]  Dkt. No. 29.  The motion has been fully briefed and will be
considered on the basis of the submissions without oral argument.  Dkt. Nos.
25, 29.

## II. BACKGROUND

On or around July 23, 2022, Hayes discovered that Hicks appeared to have
aspirated on his morning medication.  Compl. ¶ 12.  Hicks was then brought
to the Emergency Department ("ER") of the Syracuse VA Medical Center (the

---

[1] While Plaintiff has declined to oppose the Government's motion, the Court will not construe
this as consenting to the dismissal of their loss of consortium claim and will therefore analyze this
motion on the merits.

"SVAMC").[2]  *Id*.  The Government owns, operates, and is responsible for the acts of the SVAMC.  Compl. ¶ 4.

The ER performed an evaluation of Hicks which confirmed acute aspiration.  Compl. ¶ 15.  The ER also concluded that Hicks was frail and in "poor condition."[3]  *Id*. ¶ 16.  Hicks was admitted with a diagnosis of, *inter alia*, pneumonia.  *Id*. ¶ 17.  The ER later obtained an infectious disease consultation for Hicks, and he was thereafter placed on a course of antibiotics.  Compl. ¶ 18.

Hicks's medical conditions continued to worsen.

On September 1, 2022, Hicks was discharged for hospice care.  Compl. ¶ 51.  Hicks passed away on September 6, 2022.  *Id*. ¶ 52.

Hayes submitted a medical malpractice claim on Hicks's behalf to the U.S. Department of Veterans Affairs, Office of General Counsel (the "VA")under the FTCA.  *See* Compl. ¶ 5.  But the VA denied plaintiff's claim on March 12, 2024.  *Id*. ¶ 5; Ex. B to Compl., Dkt. No. 1.  This action followed.

---

[2]  Hicks was previously under the care of SVAMC for multiple illnesses: plaintiff's complaint indicates that Hicks was receiving ongoing care from SVAMC for: chronic obstructive pulmonary disease ("COPD"), diabetes with consequent neuropathy, retinopathy with legal blindness, diabetic retinopathy with stage IV chronic kidney disease, hypertension, GERD, helicobacter infection, tinea unguim, heart palpitations, bladder outlet obstruction, Peyronie's disease, erectile dysfunction, gastric arteriovenous malformation ("AVM") with consequent chronic anemia, ulnar neuropathy, history of stroke, prostate cancer, iron deficiency anemia, non-specific chest pain, arthritis of multiple joints, moderate major depression, glaucoma, proteinuria, and vascular dementia with memory loss.  Compl. ¶ 13.

[3]  The ER also noted that Hicks had an area of skin breakdown on his right buttock and gluteal region.  Compl. ¶ 15.

## III.  <u>LEGAL STANDARD</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up).  Rule 12(b)(1) motions may be either facial or fact-based.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

Facial Rule 12(b)(1) motions are "based solely on the allegations of the complaint . . . and exhibits attached to it[.]"  *Id.*  To resolve a facial motion, the district court must "determine whether the pleading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (cleaned up).  In doing so, the district court "must accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff."  *Wagner v. Hyra*, 518 F. Supp. 3d 613, 623 (N.D.N.Y. 2021) (quoting *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020)).

By contrast, a defendant who makes a fact-based Rule 12(b)(1) motion submits extrinsic evidence.  *Carter*, 822 F.3d at 57.  If defendant's extrinsic evidence reveals a dispute of fact whether jurisdiction is proper, plaintiff must proffer evidence to controvert defendant's evidence.  *Id.*  To resolve a fact-based motion, the district court must then make findings of fact to determine whether plaintiff has standing to sue.  *Id.*

- 4 -

## IV.  **DISCUSSION**

Haynes' four-count complaint sets forth claims for: (1) negligence and malpractice; (2) conscious pain and suffering; (3) wrongful death; and (4) loss of consortium.  Compl. ¶¶ 1–85.  The Government has moved to dismiss Haynes' loss of consortium claim.  Def's Mem., Dkt. No. 25-1.[4]  Plaintiff does not oppose defendant's motion.  Pl.'s Resp., Dkt. No. 29 at 1.

The Government argues that this Court lacks the requisite subject matter jurisdiction to hear Haynes' loss of consortium claims because plaintiff failed to present an administrative claim to the United States Department of Veterans Affairs (the "VA") either listing herself as an individual claimant or otherwise putting the VA on notice as to her loss of consortium claim.  Def.'s Mem., Dkt. No. 25-1 at 1.  The Government argues that plaintiff's failure to present a claim deprives this Court of jurisdiction over Haynes' loss of consortium claim in accordance with its sovereign immunity.  *Id.*  Plaintiff does not oppose this motion.  Dkt. No. 29.

The United States, as a sovereign entity, is immune from suit unless it chooses to waive immunity and consents to being sued.  *Collins v. United States*, 996 F.3d 102, 108–09 (2d Cir. 2021) (quoting *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019)).  Sovereign immunity thus implicates a court's

---

[4]  Pagination corresponds to CM/ECF.

subject matter jurisdiction. *See id.* Any waiver of sovereign immunity by the United States must be expressed unequivocally in the statutory text and, with respect to scope, construed strictly in favor of the sovereign. *Id.* (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).

Under the FTCA, Congress expressly waived sovereign immunity, stating that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." *Collins*, 996 F.3d at 109 (citing 28 U.S.C. § 2674). However, this waiver is subject to a prerequisite: for a tort action to be instituted against the United States for money damages, the claim must first be presented to the appropriate federal agency for its review. *Id.* (quoting 28 U.S.C. § 2675(a)). The FTCA also requires that a claimant exhaust all administrative remedies prior to filing a complaint in federal district court. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). This is a jurisdictional requirement that cannot be waived. *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) (holding that, without exception, claimants are barred under the FTCA from bringing suit in federal court until they have exhausted their administrative remedies).

Further, plaintiffs must present their claims to the applicable agency two years from the time the tort claim accrued. *Collins*, 996 F.3d at 109 (citing 28 U.S.C. § 2401(b)).

Upon review, the Government's motion will be granted. As stated *supra*, Haynes's complaint alleges that the VA denied her medical malpractice claim brought on behalf of Hicks. Compl. ¶ 5. Haynes has attached the VA's denial letter to her complaint for the Court's review. Ex. B to Compl., Dkt. No. 1. But the VA's denial does not indicate that plaintiff put the Government on notice her loss of consortium claim. *Id.* Nor has plaintiff alleged that she submitted a loss of consortium claim to the VA on her own behalf. *See id*.

Therefore, Haynes has failed to present her loss of consortium claim to the VA as required by the FTCA. *Collins*, 996 F.3d at 109. Further, Hicks passed away on September 6, 2022. Accordingly, plaintiff cannot present such a claim to the VA now. *Collins*, 996 F.3d at 109. (citing 28 U.S.C. § 2401(b)). Further, plaintiff appears to concede her jurisdictional defect precludes her from bringing her loss of consortium claim to federal court as she has not opposed the Government's motion to dismiss. Dkt. No. 29.

In sum, Haynes has not properly placed the Government on notice of her loss of consortium claim as required by the FTCA and the Government retains its sovereign immunity with respect to this claim. Accordingly, plaintiff's loss of consortium claim will be dismissed.

Therefore, it is

ORDERED that

1.  Defendant's partial motion to dismiss plaintiff's loss of consortium claim (Dkt. No. 25) is GRANTED; and

2.  Plaintiff's loss of consortium claim (Dkt. No. 1) is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion and enter a judgment accordingly.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  December 18, 2024
        Utica, New York.